VALENTÍN POLANCO DE JESÚS y EMILIO REYNÉS, demandantes y apelados, *v.* SANTIAGO RUIZ LÓPEZ y EL MUNICIPIO DE CIALES, demandados y apelante el primero.

Núm. 8254.—*Sometido:* Diciembre 2, 1940. *Resuelto:* Diciembre 6, 1940.

*Santiago Ruiz López,* por su propio derecho; *L. Mercader,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se solicita la desestimación del recurso de apelación interpuesto en este caso, por frívolo.

De los autos resulta que Valentín Polanco de Jesús y Emilio Reynés iniciaron un pleito contra Santiago Ruiz López y el Municipio de Ciales sobre nulidad y otros extremos y que ambas partes apelaron contra la sentencia dictada en el mismo.

Resolviendo la apelación esta corte revocó la parte de la sentencia adversa a los demandantes y condenó al demandado Santiago Ruiz López a pagarles setenta y cinco dólares por concepto de daños y perjuicios, más las costas. *Polanco* v. *Ruiz*, 55 D.P.R. 785.

Devueltos los autos a la corte de distrito, los demandantes radicaron un memorándum de costas por la suma de $1,246, de los cuales mil lo eran por honorarios de abogado. Impugnó Ruiz el memorándum y celebrada una vista, la corte el 20 de febrero último lo aprobó por $246, excluyendo los honorarios. Los demandantes apelaron y su apelación está pendiente.

Así las cosas, los demandantes presentaron a la corte una moción pidiéndole que ordenara que la ejecución de la sentencia continuara en cuanto a los setenta y cinco dólares por daños y perjuicios y la corte así lo resolvió el 7 de junio de 1940. Y contra esa orden interpuso Ruiz el recurso cuya desestimación se pide.

La moción de desestimación se notificó al apelante en noviembre diez y ocho último y su vista se celebró en diciembre dos actual sin asistencia de las partes. Nada tampoco ha dicho el apelante por escrito en relación con la moción.

Sobre la exigibilidad de los setenta y cinco dólares no hay cuestión. La sentencia es firme en cuanto a ese pronunciamiento. Es el de costas, en lo que respecta a su cuantía, el que está pendiente. ¿Constituye la sentencia una integridad que no pueda dividirse a los fines de su ejecución? Con respecto al pago voluntario, parece claro que puede hacerse el de una parte, continuando la controversia ante los tribunales en cuanto a la otra sobre la cual no se haya llegado a un acuerdo. La duda surge cuando como en este caso no existe el pago voluntario y precisa acudir al embargo y venta judicial para hacer efectiva la sentencia en aquella parte que no admite controversia, ya que entonces tendría que seguirse otro procedimiento para el cobro de la

restante que llevaría consigo un aumento en los gastos de ejecución que habría de recaer en definitiva sobre el deudor.

Sin embargo, como esa duda ni siquiera ha sido levantada por el apelante y éste podría obviar los mayores gastos pagando lo que debe, como el dicho apelante no se ha opuesto en forma alguna a la moción y como a primera vista parece que la ejecución procede, debe concluirse que el recurso es frívolo habiéndose interpuesto con el único fin de dilatar la ejecución de aquella parte de la sentencia sobre la cual no hay ni puede haber ya disputa.

Siendo ello así, de acuerdo con la regla 59 del reglamento del tribunal, *debe desestimarse el recurso.*